FILED
SUPERIOR COURT
OF GUAM

2023 MAY 16 PM 3:33

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JESSE ANDERSON LUJAN and FRANCIS GILL | CIVIL CASE NO. CV1219-17 |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER** *Re: Stephen Tebo's Second Motion to Dismiss Under GRCP Rule 41(b)* |
| STEPHEN TEBO and DOES ONE(1) through TEN (10), inclusive | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 9, 2023, for a hearing on Defendant Stephen Tebo's Second Motion to Dismiss Under GRCP Rule 41(b) ("Second Motion"). Present at the hearing were: Attorney Curtis Van de Veld for Plaintiffs Jesse A. Lujan and Francis Gill, Attorney Joyce C.H. Tang for Defendant Stephen Tebo, and Attorney Daron J. Berman for Defendant Richard Jortberg. Having considered the arguments, briefs, and applicable law, the Court hereby **GRANTS** Defendant Tebo's Motion to Dismiss.

## BACKGROUND

The instant case arises from Plaintiffs' Complaint, filed on December 1, 2017, which was initially presented to the Honorable Anita A. Sukola. Defendants filed a timely answer on February 14, 2018. Co-Defendant Jortberg (formerly Doe 1) filed his answer on March 1, 2019. Judge Sukola issued a Scheduling Order on May 2, 2018, setting trial for February 18,

2020. Between March 2019 and February 16, 2021, Judge Sukola scheduled thirteen status hearings, and Plaintiff failed to attend six of them. Decision and Order, at 2 (February 16, 2021). Defendant Tebo filed his first Motion to Dismiss Under GRCP Rule 41(b) on November 18, 2020. Plaintiffs filed an Opposition on January 22, 2021, after getting approval to enlarge the time to respond from the Court. Defendants filed their reply on January 29, 2021, and a hearing was held on the matter on February 4, 2021. After taking the matter under advisement, Judge Sukola issued a Decision and Order on February 16, 2021.

In the Decision and Order, Judge Sukola found that the delays caused by Plaintiffs, while significant, were reasonable at the time because of the logistical complications raised by the pandemic. Judge Sukola noted that "Plaintiff did make an attempt, however untimely and half-hearted, to forward the case before the COVID-19 pandemic began in earnest." Dec., at 4. She further noted that "[a]ny subsequent delay is reasonable, due to the morbidity conditions of the Plaintiffs and their inability to travel due to the ongoing COVID-19 pandemic." *Id.* However, while the Court did ultimately deny Defendant Tebo's first Motion to Dismiss, Judge Sukola did note that the Court was acutely aware of the three-year period the case had been on the docket by that time, and also noted the status hearings missed by Plaintiffs' counsel as well as Plaintiffs' significant inaction regarding depositions. "As such, no further delays on the part of the Plaintiff will be tolerated, and Plaintiff is warned that any further dilatory behavior will result in a dismissal." *Id.*

After Judge Sukola's retirement, this case was eventually assigned to the Honorable Arthur R. Barcinas on February 18, 2022, after assignment to several other judges who subsequently recused themselves from the case. On July 19, 2022, Defendant Tebo filed the Second Motion, protesting that Plaintiffs had done nothing to move the case forward in the sixteen months since Judge Sukola's Decision and Order was issued. Tebo stated that Plaintiffs

had filed no Motions in the period before the Second Motion was filed, save for a Motion to Compel Discovery that Tebo alleged was untimely. On July 25, 2022, Co-Defendant Jortberg joined in the Second Motion. On August 23, 2022, Plaintiffs filed an Opposition to the Second Motion, again attributing the delays to Plaintiffs' unavailability and inability to travel due to COVID-19, as well as the number of times the case changed courts and the health problems of Attorney Van de Veld, which have been ongoing since December 2019 and allegedly began seriously impairing his work in March 2021. On September 6, 2022, Defendants Tebo and Jortberg filed their individual Replies to the Opposition.

On September 7, 2022, Plaintiffs filed a Motion to Enlarge Time to Conduct Discovery, their second such motion in this case. On October 5, 2022, Defendant Tebo filed an Opposition, noting that Plaintiffs requested an extension to the discovery deadline three years prior and subsequently did not provide any discovery. Defendant Tebo further noted that Plaintiffs' second Motion to Enlarge Time came two years after that extended deadline had passed, with no explanation of "excusable neglect" as required by GRCP 6(b). Plaintiffs filed no Reply to the Opposition.

## DISCUSSION

Guam law dictates that defendants may move for involuntary dismissal for failure of the plaintiff to prosecute. Guam R. Civ. P. 41(b). When presented with a motion to dismiss under GRCP 41(b), the Supreme Court of Guam holds that Guam courts must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Santos v. Carney*, 1997 Guam 4 ¶ 5. Dismissal is appropriate if at least four factors favor dismissal or three factors strongly support dismissal. *Park v. Kawashima*, 2010 Guam 10 ¶ 10.

The burden is on Plaintiffs to show the delay is reasonable and that Defendants are not prejudiced by the delay. *Id.*, ¶ 11. If a reasonable excuse exists for the inaction, the burden shifts to the defendant to demonstrate prejudice. *Id.* This Court is given deference in determining the reasonableness of the delay because it is in the best position to determine what period of delay may be endured before its docket becomes unmanageable. *Id.*

I.      **Public's interest in expeditious litigation and the Court's need to manage its docket.**

The first two *Santos* factors are commonly considered together. *Santos*, ¶ 7. When Defendant Tebo first sought dismissal under GRCP 41(b), Judge Sukola found that, while the case had been on the docket for more than three years at the time, and much of the delay was attributable to Plaintiffs, the delay was technically reasonable in light of the COVID-19 pandemic. Decision, at 4. However, she also noted that Plaintiffs were walking a fine line, and that no further delays or dilatory behavior by Plaintiffs would be tolerated. The Court agrees. The case has now been on the docket for more than five years, numerous safety measures have been put in place, and Plaintiffs still have made little to no progress in moving this case forward. The Court no longer finds the pandemic an acceptable shield for Plaintiffs to cower behind, and while the Court is sympathetic to Attorney Van de Veld's health issues, Plaintiffs have had ample opportunities to seek additional or alternative counsel to help move this case forward. Instead, Plaintiffs ask for more time. Therefore, the Court finds both of these factors to strongly weigh in favor of Defendants, and finds the delay unreasonable.

II.     **The risk of prejudice to Defendants.**

Plaintiffs allege that the third factor weighs in their favor because "no particular legal prejudice other than delay has been contended" and that nothing "has been shown as identifiable prejudice to Defendant T[ebo]." Opp., at 13. They further allege that "[d]elay …

cannot serve to create prejudice." *Id.* Plaintiffs are mistaken that Defendants must show actual prejudice from the delay. The Guam Supreme Court holds that once a delay is determined to be unreasonable, as this delay has been, prejudice is presumed. *Park,* ¶ 21. That presumed prejudice is sufficient to support a Rule 41(b) dismissal. *Id.* The presumption is rebuttable, but the Court no longer finds Plaintiffs' excuses sufficient given current circumstances. Therefore, the Court finds that this factor weighs strongly in favor of Defendants.

## III. Public policy favoring disposition on the merits.

While public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, the factor must be weighed against the first two factors. *In re Estate of Concepcion v. Siguenza,* 2003 Guam 12 ¶ 23. The question turns upon whether the policy of determining cases on their merits justifies the delay and prejudice caused by Plaintiffs' actions. *Id.* The Court finds that it does not. The Guam Supreme Court has held that this policy "should not be used defensively as a shield by a passive plaintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff." *Santos,* 1997 Guam 4 ¶ 9. Failure to prosecute in this context may be evidenced by a plaintiff's "inactivity and dilatoriness in moving the case forward, thus causing an unreasonable delay." *Park,* 2010 Guam 10 ¶ 23. The Court finds that Plaintiffs' behavior meets these criteria, and that this factor therefore weighs in favor of Defendants.

## IV. Availability of less drastic sanctions.

It is not a per se abuse of discretion for a trial judge to dismiss an action due to a party's failure to prosecute without issuing advance warnings or lesser sanctions. *Santos,* 1997 Guam 4 ¶ 10. In the instant case, however, Plaintiffs have received both, and the Court therefore finds that this factor weighs in favor of Defendants. In lieu of dismissal on the previous Motion to Dismiss Under GRCP 41(b), Judge Sukola set the case for trial to ensure disposition of the case

on the merits and halt further delays, and issued a warning to Plaintiffs that no further delays would be tolerated and that any further dilatory behavior would result in dismissal. Decision, at 5. (Feb. 16, 2021). Rather than heed that warning, Plaintiffs have simply failed to advance this matter forward to trial. Therefore, the Court dismisses this case for failure to prosecute.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant Tebo's Motion to Dismiss Under Rule 41(b).

**IT IS SO ORDERED** __MAY 1 6 2023__ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERV
I acknowledge that an elect
copy of the original was e-mailed
Van Heverd Bamba
civile
Date: _____ Time: 5/16/22
Joseph Bamba Jr.
Deputy Clerk, Superior Court of Guam
Joseph Bamba, Jr.